UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| JOHN FREDERICK SHASTAL, JR. and KIMBERLY ANN SHASTAL, | Case No. 25-12063<br>Hon. F. Kay Behm<br>United States District Judge |
| Debtors/Plaintiffs, | |
| _____ / | Case No. 20-31468<br>Chapter 7<br>Hon. Joel D. Appelbaum<br>U.S. Bankruptcy Judge |
| SAMUEL D. SWEET, Chapter 7 Trustee, *et al.*, | |
| v. | Adv. Pro. Case No. 24-03033-jda |
| MAJORS LAW, PLLC, *et al.* Defendants. | |
| _____ / | |

## OPINION AND ORDER DENYING RECOVERY LAW GROUP'S MOTION TO WITHDRAW REFERENCE (ECF No. 1)

This is an adversary proceeding arising from the Chapter 7 bankruptcy proceeding of John Frederich Shastal, Jr. and Kimberly Ann Shastal (hereinafter the "Shastals") that was filed in the United States Bankruptcy Court for the Eastern District of Michigan on August 24, 2020, and given case number 20-31468. In the relevant

1

adversary proceeding, given case number 24-03033, Plaintiffs alleged

two counts against the Defendants, Recovery Law Group (RLG),

Desirae Bedford, Sheena L. Majors, and Majors Law, LLC: Count I – a

claim for legal malpractice alleging that the Defendants were negligent

in their representation of the Shastals in various ways, including but

not limited to, filing an unnecessary bankruptcy proceeding and filing a

petition for bankruptcy on behalf of the Shastals under Chapter 7

instead of Chapter 13, and Count II – a claim against the Defendants

for their violations of 11 U.S.C. § 526.  ECF No. 5-4.  The United States

Bankruptcy Trustee, Andrew R. Vara, also brought a multi-count

Adversary Proceeding, Case No. 24-03076, alleging various violations of

11 U.S.C. § 526 by Defendants RLG and Sheena Majors arising from

the same bankruptcy proceedings.  ECF No. 5-30.[1]  In Adversary

Proceeding Case No. 24-03033 only, RLG brought a motion to withdraw

the reference pursuant to 11 U.S.C. § 157(d), which provides in part

that "[t]he district court may withdraw, in whole or in part, any case or

---

[1] At times in the briefing, the U.S. Trustee refers to this case number as 24-
03037.  ECF No. 5, PageID.36 (citing ECF No. 5-30).  But that appears to be a
mistake because the exhibit itself, as well as most other references, instead shows
case number 24-03076, so the court uses that one.  ECF No. 5-30.

proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." As the moving party, RLG bears the burden of demonstrating "cause" for withdrawal. *Irvin v. Faller*, 531 B.R. 704, 708 (W.D. Ky 2015). Plaintiffs responded (ECF No. 5), and RLG did not submit a reply briefing. After significant factual and procedural developments occurred in the underlying bankruptcy proceeding, the court ordered supplemental briefing addressing the effect of those developments on this motion. Plaintiffs filed a supplemental brief (ECF No. 12), but Defendants did not timely file a supplemental brief. After reviewing the briefings submitted, the court finds that oral argument is not necessary pursuant to E.D. Mich. Local Rule 7.1(f)(2).

In evaluating a motion to withdraw the reference, the threshold question is whether the motion was timely. *Irvin,* 531 B.R. at 706; *In Re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill 1993). While § 157(d) does not define "timely," federal courts generally define timely as "as soon as possible after the moving party is aware of grounds for withdrawal of the reference." *Irvin,* 531 B.R. at 706 (*citing In Re Black Diamond Min. Co. LLC* No. CIV.A. 10-94, 2010 W.W. 5173271 at *1 (E.D. Ky. Dec. 14,

3

2010)) (quoting citation omitted).  The timeliness requirement is designed to prevent forum shopping, stalling, or otherwise engage in obstructionist tactics.  *Irvin,* 531 B.R. at 706; *Mahlmann,* 149 B.R. at 869.  If the motion is timely, then the court proceeds to evaluate "cause" for withdrawal; if the motion is not timely, the court need not evaluate whether the moving party made a sufficient showing of "cause."  *See Mahlmann,* 149 B.R. 866.

The motion to withdraw the reference was not timely.  The reasons that Defendants bring as a basis to withdraw the reference appear to be the same or similar as those they asserted in their motion to dismiss in the bankruptcy court, which was initially filed on April 24, 2024.  ECF Nos. 5-5, 5-8.  Indeed, the Defendant's arguments regarding the issues of accrual of the malpractice claim, whether the proceeding is "core," and whether the trustee has standing, were raised, argued, and denied in multiple briefings in the bankruptcy court (ECF Nos. 5-5, 5-8, 5-11, 5-17, 5-18), motions for rehearing or reconsideration (ECF Nos. 5-12, 5-13, 5-20, 5-21), and again in procedurally defective appeals (Appeal 1 - United States District Court Case No. 24-12474 (hereinafter App. 1); Appeal 2 - United States District Court No. 25-10745

(hereinafter App. 2)), that this court dismissed.  (App. 1, ECF Nos. 8, 9; App. 2, ECF Nos. 10, 11).  It is apparent that Defendants simply disagree with those rulings and are seeking a different forum to retry the same arguments they have already exhausted.  Defendants were, at a minimum, on notice concerning the alleged grounds for withdrawal when they filed their supplemental brief in the bankruptcy court addressing the issue of "non-core" proceedings in June 2024, almost a full year prior to filing their Motion to Withdraw Reference in July, 2025 (ECF No. 1).  *See Irvin*, 531 B.R. at 707 (finding similar delay untimely).  In consideration of this lengthy delay, and the fact that Defendants fully litigated these issues already, the court finds the motion untimely.  Because the motion is untimely, the court does not further address the parties' arguments related to cause for withdrawing the reference.  Nonetheless, the circumstances of this motion strongly suggest forum shopping, stalling, and obstructionist tactics, which also strongly weigh in favor of denying the motion.

A related matter must also be addressed.  While this motion was pending, a final judgment was entered in the underlying bankruptcy case, No. 24-03033.  ECF No. 12-8, PageID.1103.  Courts generally

5

consider final judgments in the underlying bankruptcy case to moot the question of withdrawing the reference. *See In re Dow Corning Corp.*, 255 B.R. 445, 474 (E.D. Mich. 2000) ("Although the statute does not expressly forbid the withdrawal of reference after a final order has been entered, such withdrawal appears to violate the intent of Congress as reflected in the statutory scheme taken as a whole"). Instead, once a final judgment is entered, the proper method of challenging the process and findings of the bankruptcy court is a direct appeal. *See In re Byrnes*, No. 20-12086, 2022 U.S. Dist. LEXIS 227597, at \*3 (D.N.M. Dec. 19, 2022) (concluding that a motion to withdraw the reference was moot upon final judgment dismissing the adversary proceeding, and where a district court would instead have appellate jurisdiction over the final judgment); *In re New Energy Corp.*, No. 12-33866, 2013 Bankr. LEXIS 1232, at \*21-23 (Bankr. N.D. Ind. Mar. 14, 2013) ("[O]nce the bankruptcy court has made its decision and has issued a judgment, only an appeal - and not a withdrawal of the [reference] - is the proper challenge."); *In re Pruitt,* 910 F.2d 1160, 1169 (3d Cir. 1990) (Mansmann, J., concurring) ("Allowing the withdrawal of the reference to occur at any time, and especially after the appeal process has begun,

would seriously disturb the statutory objective of 'preserving the appellate processes provided by the Bankruptcy Act.'"); *In re Powelson*, 878 F.2d 976, 983 (7th Cir. 1989) ("a post-appeal withdrawal of the reference by the district court is disfavored").

The court therefore ordered the parties to submit supplemental briefing on the effect of the entry of the final judgment in the adversary proceeding.  Plaintiffs submitted a brief (ECF No. 12) arguing that the entry of final judgment mooted Defendants' motion; Defendant did not file a brief.  The court agrees with Plaintiffs.  The entry of final judgment in the bankruptcy court in this case had the effect of mooting the Defendants' motion to withdraw the reference.  Defendants instead could pursue a direct appeal of the final judgment and challenge the merits determinations made by the bankruptcy court on summary and default judgment via that procedure.  *See Leonard v. Onyx Acceptance Corp.*, No. 03-1117, 2003 U.S. Dist. LEXIS 6307, at *6 (D. Minn. Apr. 11, 2003) ("[S]ummary judgment has already been granted in this dispute and an appeal is presently pending.  Withdrawal of the reference at this juncture, after a final order from the Bankruptcy Court and a corresponding appeal, would frustrate the interests of judicial

economy and unnecessarily divert the appellate process.").  In fact, this court had appellate jurisdiction over Defendants' appeal of the final judgment in this matter, in Case No. 26-10383.  However, for the reasons explained in the order dismissing that appeal, that appeal was untimely.  *See* Case No. 26-10383, ECF No. 9.  Defendants' motion to withdraw the reference, if granted, would in this posture functionally allow them to avoid the consequence of not following the appellate processes provided by the Bankruptcy Act and revive their untimely appeal of the final judgment in Adv. Pro. Case No. 24-03033.

The motion is therefore **DENIED**.

**SO ORDERED**.

Date: June 15, 2026                    s/F. Kay Behm
                                       F. Kay Behm
                                       United States District Judge